IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVIN DOUGLAS SUNDQUIST,<br><br>              Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, et. al;<br><br>              Defendants. | **8:14CV220**<br><br>**MEMORANDUM AND ORDER** |

The plaintiff has filed a motion for early discovery, stating he needs discovery on the following issues to fully respond to the defendants' pending motion to dismiss:

1) what actions the Defendants took to determine if their actions were legal;

2) who had knowledge of the plaintiff's objections to AA, the extent of their knowledge, and when they became aware of those objections; and

3) whether the present case is a one-time incident, or if it is standard practice within the Nebraska State Offices.

(Filing No. 16).

The defendants' motion to dismiss argues: 1) the plaintiff's claims against the State of Nebraska, the Nebraska Attorney General's Office, and the Nebraska Department of Health and Human Services, and against defendants Vierk, Bruning, Acierno, and Schuldt in their official capacities, are barred by sovereign immunity; 2) the court lacks subject matter jurisdiction over the state defendants because they are not "persons" under 42 U.S.C. § 1983; 3) any claims against defendants Bruning and Acierno must be dismissed for failure to state a claim because there is no respondeat superior liability in § 1983 claims; and 4) the defendants in their individual capacities are entitled to qualified immunity because these defendants did not violate any law which was clearly established at the time of the defendants' alleged actions.

2

The issues raised in the motion to dismiss are primarily issues of law, with the court assuming all facts alleged by the plaintiff are true. The plaintiff's proposed early discovery is not relevant or necessary for ruling on the motion to dismiss.

Accordingly,

IT IS ORDERED:

1) The defendants objection, (Filing No. 17), is sustained.

2) The plaintiff's motion for early discovery, (Filing No. 16), is denied.

3) The defendants' reply remains due on November 24, 2014.

November 14, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge