IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVIN DOUGLAS SUNDQUIST, | |
| Plaintiff, | **8:14CV220** |
| vs. | |
| STATE OF NEBRASKA,  et.al; | **MEMORANDUM AND ORDER** |
| Defendants. | |

Pending before me are the plaintiff's motion to disqualify, (Filing No. 39), and the defendants' motion to stay, (Filing No. 45).  For the reasons stated below, the motion to disqualify will be denied, and the motion to stay will be granted.

Motion to Disqualify
(Filing No. 39)

Citing a conflict of interest, the plaintiff has moved to disqualify the Nebraska Attorney General's Office from representing Defendants Ed Vierk and Ruth Schuldt in their individual capacities.  (Filing No. 39).  The Attorney General's Office objects, explaining that under Nebraska statutory law, the Attorney General's Office is authorized to appear for Nebraska and defend the state in all matters in any forum, and to represent state officers and employees in civil actions arising from their alleged acts or omissions performed in the course and scope of their employment.  Neb. Rev. Stat. § 84-203; Neb. Rev. Stat. § 81-8,239.06.  The Attorney General also claims that by waiting over a year to file a motion to disqualify, Plaintiff waived his objection to the Attorney General's participation in this case.  (Filing No. 40).

The moving party bears the burden on a motion to disqualify an attorney.  Turner v. AIG Domestic Claims, Inc., 823 F. Supp. 2d 899, 905 (D. Neb. 2011).  "Because of the potential for abuse by opposing counsel, disqualification motions should be subjected to

particularly strict judicial scrutiny." Harker v. Comm'r, 82 F.3d 806, 808 (8th Cir. 1996)(internal quotations omitted). "When it comes to disqualifying counsel at the pretrial stage, the Court of Appeals takes a very dim view of such a ruling." Turner, 823 F. Supp. 2d at 905 (citing Droste v. Julien, 477 F.3d 1030, 1035 (8th Cir. 2007)).

When considering whether an attorney should be disqualified from representing a party, the court may consider the ABA Code or Rules of professional conduct, any rules of professional conduct adopted by the district court, the court's duty to maintain public confidence, and the court's duty to insure the integrity of judicial proceedings. See United States v. Agosto, 675 F.2d 965, 969 (8th Cir. 1982). Attorneys in this forum "must refrain from conduct unbecoming of a member of the bar." NEGenR 1.7(b). While the Nebraska federal court has not adopted specific rules, it does consider case law and rules of professional responsibility when deciding whether a lawyer has engaged in conduct unbecoming a member of the bar. NEGenR 1.7(b). "In cases where counsel is in violation of professional ethics, the court may act on motion of an aggrieved party . . . to disqualify." O'Conner v. Jones, 946 F.2d 1395, 1399 (8th Cir. 1991). The decision to grant or deny a motion to disqualify an attorney rests in the discretion of the [district] court." Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1154 (8th Cir.1999)(internal quotations omitted).

The plaintiff claims the Nebraska Attorney General is obligated to protect the Constitutional rights of the Plaintiff as a citizen of the State of Nebraska, and by asserting immunity defenses, it is "allow[ing] employees of the State of Nebraska to violate the Constitutional rights of the citizens of Nebraska, without regard to the consequences or damages of such actions." For civil cases, the Attorney General represents the State and its agencies, along with the State's employees acting within the scope of their employment. It does not represent Sundquist in this lawsuit. As such, there is no merit to Plaintiff's claim that the Attorney General cannot raise immunity defenses on behalf of

2

the defendants because it is statutorily obligated to advocate for and protect Plaintiff interests.

Plaintiff argues the Nebraska Attorney General may raise immunity defenses, and it may litigate interests and positions on behalf of the State, that are not in the best interest of Defendants Ed Vierk and Ruth Schuldt in their individual capacities. Plaintiff further argues that the discovery produced on behalf of Defendants Ed Vierk and Ruth Schuldt in their individual capacities may be adverse to the interests of the State. (Filing No. 39).

Claims against state officials in their individual and official capacities can present a conflict of interest.

> The distinctions between suits against an official in his individual and official capacities give rise to differing and potentially conflicting defenses. Most notably, the government entity could defend itself by asserting that the official whose conduct is in question acted in a manner contrary to the policy or custom of the entity. . . . Also, an individual capacity defendant could assert the defense of qualified immunity.

Johnson v. Bd. of Cnty. Comm'rs for Cnty. of Fremont, 85 F.3d 489, 493 (10th Cir. 1996). But even if "a potential conflict exists because of the different defenses available to a government official sued in his official and individual capacities, it is permissible, but not required, for the official to have separate counsel for his two capacities." Johnson, 85 F.3d at 493. Separate representation is not required until any "potential conflict matures into an actual material conflict." Johnson, 85 F.3d at 493.

There is no evidence of record establishing or indicating any conflict currently exists between the State's interests and the interests of the Defendants in their individual capacities. And there is nothing showing the State's responses, or willingness to forego

objections and respond, to Plaintiff's anticipated discovery will either help or harm the defendants in their individual capacities.

The plaintiff has failed to meet his burden of proving the Nebraska Attorney General's Office is disqualified from simultaneously representing all the named defendants, including Defendants Ed Vierk and Ruth Schuldt in their individual capacities.

<u>Motion to Stay</u>
(Filing No. 45)

Defendants Vierk and Schuldt have moved for summary judgment based on qualified immunity; Defendant Vierk also asserts he is entitled to absolute immunity. (Filing No. 41).  The defendants have moved to stay discovery pending a ruling on the qualified immunity defense.  The plaintiff opposes the motion.  (Filing No. 49).

To determine whether an official is entitled to qualified immunity, two questions must be answered: (1) whether, after viewing the facts in the light most favorable to the party asserting the injury, there was a deprivation of a constitutional or statutory right; and (2) whether the right was clearly established at the time of the deprivation such that a reasonable official would understand his conduct was unlawful in the situation he confronted.  Nord v. Walsh County, 757 F.3d 734, 739 (8th Cir. 2014).  Summary judgment may be denied on the issue of qualified immunity if there is a genuine issue of material fact as to whether a reasonable officer could have believed his actions to be lawful.  Ngo v. Storlie, 495 F.3d 597, 602 (8th Cir. 2007).

The doctrine of qualified immunity is designed to protect state actors from monetary damages and the burdens of litigation, including discovery.  Harlow v. Fitzgerald, 457 U.S. 800, 817-818 (1982).  Absent any showing that discovery is needed

4

to determine the merits of the defense itself, where qualified immunity is asserted, the court will stay discovery until it considers and decides the issue of qualified immunity. See Ballard v. Heineman, 548 F.3d 1132 (8th Cir. 2008).

Sundquist has listed the discovery he wants to pursue in this case, but he has not explained how that discovery, or any responses to that discovery, could assist in responding to Defendants' motion for summary judgment based upon qualified immunity. Fed. R. Civ. P. 56(f); Ballard, 548 F.3d at 1137; see also Britton v. Thompson, No. 7:08cv5008, 2009 WL 2365389 (D. Neb. July 29, 2009). Defendants' motion to stay discovery will be granted.

Accordingly,

IT IS ORDERED:

1) Defendants' objection, (Filing No. 40) is sustained.

2) Plaintiff's motion to disqualify, (Filing No. 39), is denied..

3) Defendants' motion to stay, (Filing No. 45), is granted.

October 16, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.