IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVIN DOUGLAS SUNDQUIST, | |
| Plaintiff, | 8:14-CV-220 |
| vs. | |
| STATE OF NEBRASKA, et al., | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on the defendants' motion for summary judgment (filing 41) and the plaintiff's motion pursuant to Fed. R. Civ. P. 56(d) (filing 58). In addition, the plaintiff has filed a motion to strike portions of the defendants' brief in support of summary judgment (filing 55) and a motion to file a response to the defendants' motion for summary judgment out of time (filing 60), and the defendants have filed objections (filing 59) to the plaintiff's motion pursuant to Rule 56(d) and motion to strike. For the following reasons, the Court will grant the plaintiff's Rule 56(d) motion, deny the defendants' motion for summary judgment without prejudice, deny the plaintiff's motion to strike and motion to file out of time as moot, and overrule the defendants' objections.

Under Rule 56(d), a court may defer considering a summary judgment motion or allow time for discovery "[i]f a nonmovant shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition." However, Rule 56 does not require trial courts to allow parties to conduct discovery before entering summary judgment. *Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, 793 F.3d 822, 836 (8th Cir. 2015). Furthermore, "the mere assertion that evidence supporting a party's allegation is in the opposing party's hands is insufficient to justify a denial of a summary judgment motion on Rule 56(d) grounds." *Id.* (quoting *Jones v. City & Cnty. of Denver, Colo.*, 854 F.2d 1206, 1211 (10th Cir. 1988)). And the Court's discretion to deny summary judgment on Rule 56(d) grounds is further restricted when qualified immunity is at issue, reflecting the principle that insubstantial claims against government officials should be resolved prior to discovery and on summary judgment if possible. *Id.* But the Court is satisfied that good cause exists to grant the plaintiff's Rule 56(d) motion here.

The defendants' motion for summary judgment is based in part on its assertion that defendants Ed Vierk and Ruth Schuldt are entitled to qualified immunity. Filing 43 at 22. Simultaneously with the summary judgment motion, the defendants filed a motion to stay discovery, arguing that they "should not be subjected to the burden of further proceedings until a ruling has been made on the motion for summary judgment." Filing 45 at 1. The Magistrate Judge granted the motion, on the basis that the plaintiff had not "explained how that discovery, or any responses to that discovery, could assist in responding to Defendants' motion for summary judgment based upon qualified immunity." Filing 52 at 5. And indeed, much of the discovery the plaintiff requested in its response to the defendants' motion to stay is irrelevant to the determination of qualified immunity. However, the Court finds that allowing limited discovery is warranted to enable the plaintiff to fully respond to the defendants' motion.

The defendants' qualified immunity argument depends in part on the argument that neither Schuldt nor Vierk should be liable because neither was involved in initially setting the terms of the plaintiff's probationary license, and neither had the ability or authority to change the terms of the license. Filing 43 at 32–33. The question whether defendants could or did affect the terms of the probationary license is a question of fact. The defendants support their position with affidavits from Schuldt and Vierk. Filing 43 at 32–33. The plaintiff cannot meaningfully contest these assertions without an opportunity to conduct limited discovery.

First, the plaintiff should have the opportunity to obtain a more complete picture of the administrative process as it relates to the issuance of his probationary license, the procedure for amending license terms, and the mechanisms for enforcing license terms. For example, the plaintiff should be permitted to seek discovery as to who was involved in initially setting conditions on his probationary license, what the process for setting those conditions was, how and by whom those terms could be altered after the acceptance of the license, what level of discretion Schuldt and Vierk had in their enforcement of the terms, and so on. Second, the plaintiff should not be required to rely on the affidavits of the individual defendants in responding to the summary judgment motion. He should be permitted to conduct *limited* discovery in order to assess the scope of each defendant's involvement in the enforcement of the probationary license.

Accordingly, the Court will grant the plaintiff's Rule 56(d) motion, consistent with the limitations described above, and deny the defendants' motion for summary judgment without prejudice.

2

IT IS ORDERED:

1. The plaintiff's Rule 56(d) motion (filing 58) is granted.

2. The defendants' motion for summary judgment ((filing 41) is denied without prejudice to reassertion after a reasonable time for the parties to conduct discovery.

3. The plaintiff's motion to strike brief (filing 55) is denied as moot.

4. The plaintiff's motion to file out of time (filing 60) is denied as moot.

5. The defendants' objections to the plaintiff's motion to strike and motion to continue (filing 59) are overruled.

Dated this 4th day of December, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge