IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVIN DOUGLAS SUNDQUIST, | |
| Plaintiff, | 8:14-CV-220 |
| vs. | |
| STATE OF NEBRASKA, et al., | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on the defendants' motion to reconsider (filing 62). The defendants ask the Court to reconsider its ruling (filing 61) granting the plaintiff's Rule 56(d) motion and denying the defendants' motion for summary judgment without prejudice to reassertion after a reasonable time for the parties to conduct discovery.

The defendants assert that discovery is improper because their qualified immunity argument rests on "purely legal issues." Filing 63 at 1. In other words, they contend discovery is unnecessary because questions of fact are irrelevant here. There are two prongs to the qualified immunity analysis: (1) whether the defendants violated a statutory or constitutional right, and (2) whether the right was clearly established at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011).

The Court has already decided the second question; in its Memorandum and Order granting in part and denying in part the defendants' motion to dismiss, the Court concluded that the right was clearly established. Filing 21 at 10. Thus, the defendants' request that the Court "[b]efore permitting discovery to proceed . . . first determine whether the law was clearly established at the time of the Defendants' conduct," filing 63 at 3, is unnecessary. The defendants have already had the benefit of this determination.

But as for the first prong, the Court cannot determine at this stage whether the defendants' actions violated the plaintiff's rights because there is still some question as to what the defendants' actions were. *See Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) ("On summary judgment, however, the plaintiff can no longer rest on the pleadings, and the court looks to the evidence before it (in the light most favorable to the plaintiff) when conducting the *Harlow* inquiry." (internal citations omitted)). The defendants have presented evidence of their side of the story, but the plaintiff has not

1

had an opportunity to conduct the discovery necessary for him to adequately contest the veracity of their claims.

The Court cannot accept that its responsibility to promptly decide questions of qualified immunity requires it to simply assume the truth of the defendants' testimony. In many, if not most cases, summary judgment on qualified immunity is appropriate because the plaintiff has all the evidence that would be necessary to show a genuine issue of material fact, if one existed. But this is not such a case. And the same is true with respect to determining whether Vierk has a right to absolute immunity: his claim to absolute immunity depends on his own testimony, which the plaintiff should have at least some meaningful opportunity to contest. Thus, the plaintiff is entitled to limited discovery on this issue, as explained in the Court's ruling granting the plaintiff's Rule 56(d) motion. Filing 61 at 2.

IT IS ORDERED:

1. The defendants' motion to reconsider (filing 62) is denied.

2. The plaintiff's objection to the defendants' motion to reconsider (filing 66) is denied as moot.

Dated this 14th day of December, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge