IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARVIN DOUGLAS SUNDQUIST,

        Plaintiff,

vs.

STATE OF NEBRASKA, et. al.,

        Defendants.

8:14CV220

**ORDER**

      The plaintiff has filed a motion to amend, stating his proposed amended complaint adds clarity, replaces Jon Bruning with Doug Peterson and Courtney Phillips, all in their official capacities, and adds Joseph Acierno, in his individual capacity, as a defendant. ([Filing No. 73](#); [Filing No. 73-1](#)). The proposed complaint also adds a claim for punitive damages. Under the court's progression order, Plaintiff's deadline for moving to amend was November 16, 2015. ([Filing No. 30](#)). That deadline was never extended or stayed by any court order. Plaintiff therefore also moves to continue the deadline for moving to amend the complaint. ([Filing No. 74](#)).

      Defendants object to Plaintiff's motion to amend, stating any amendment to add claims against Acierno would be futile, the motion to amend is untimely, and Plaintiff has failed to show good cause for extending the court-imposed deadline for amending his pleadings. ([Filing No. 76](#)). For the reasons stated below, Plaintiff's motion for extension of time to add parties and his motion to amend his complaint will be denied.

      Plaintiff's initial complaint alleged a claim against Acierno in his individual capacity. By order dated August 10, 2015, the court dismissed this claim, explaining:

> Sundquist has failed to allege facts plausibly suggesting that . . . Acierno [was] personally involved in the alleged violations of his constitutional rights, or that [he was] deliberately indifferent to those violations. Accordingly, Sundquist's individual-capacity claims against . . . Acierno will be dismissed for failure to state a claim.

([Filing No. 21, at CM/ECF p. 5](#)).

Plaintiff argues that he now possesses evidence of Acierno's personal involvement in the alleged violation of Plaintiff's constitutional rights—evidence he lacked when he initially filed this lawsuit and prior to November 16, 2015, the deadline for moving to amend. ([Filing No. 73](#)). Specifically, Plaintiff relies on [Filing No. 44](#), exhibits [14](#) and [15](#), the orders signed by Acierno as a DHHS hearing officer in 2013 and 2014, respectively. ([Filing Nos. 44-14](#) (DHHS Order Denying Motion to Dismiss) & [44-15](#) (DHHS Findings of Fact and Conclusion of Law; Order)).

Exhibits 14 and 15 were mailed to Plaintiff on December 9, 2013, and January 28, 2014, respectively. During a conference with the undersigned magistrate judge on January 5, 2015, ([Filing No. 72](#), Audio File), Plaintiff confirmed that DHHS sent these documents to Plaintiff's correct mailing address as of the date of these mailings. Plaintiff filed the above-captioned lawsuit on July 29, 2014. ([Filing No. 1](#)). Exhibits 14 and 15 were again brought to Plaintiff's attention on October 2, 2015, when Defendant served copies on Plaintiff as exhibits in support of Defendants' motion for summary judgment.

Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent." [Fed. R. Civ. P. 16(b)(4)](#). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. [Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008)](#); [Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006)](#).

The deadline for moving to amend or add parties expired before the plaintiff filed his pending motion to amend. Even had it not, the court finds the information Plaintiff

2

relies on as support for his new allegations against Acierno was available to Plaintiff before this litigation was filed. And it was again served on Plaintiff a month before the deadline to amend pleadings. Plaintiff has failed to show due diligence in pursuing his claims against Acierno, both from the outset of this case and before the court-ordered deadline for moving to amend. This case has been pending for over six months, and it has been the subject of substantial and ongoing motion practice. The deposition deadline, March 30, 2016, is rapidly approaching. The court finds the case progression and scheduling will be adversely affected, and Defendants' trial preparation will be prejudiced, if Acierno is again named as a defendant at this stage of the litigation. And Plaintiff has failed to show good cause for extending the court-ordered deadline for filing motions to amend.

Accordingly,

IT IS ORDERED:

1) Defendants' objection, ([Filing No. 76](#)), is sustained.

2) Plaintiff's motion to extend the deadline for adding parties, ([Filing No. 74](#)), is denied.

3) Plaintiff's motion to file an amended complaint, ([Filing No. 73](#)), is denied.

February 10, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge