IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVIN DOUGLAS SUNDQUIST,<br><br>                Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, et al.,<br><br>                Defendants. | 8:14-CV-220<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on plaintiff Marvin Sundquist's Motion to Amend (filing 106), which the Court understands to be a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). The Court has broad discretion in determining whether to grant or deny such a motion. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 934 (8th Cir. 2006). And while Rule 59(e) permits the Court to alter or amend a judgment, it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised before the entry of judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). Here, Sundquist is primarily rehashing arguments the Court rejected on summary judgment, and the Court will deny his motion.

      Sundquist's arguments appear to be entirely directed at one defendant: Ruth Schuldt, in her individual capacity. *See* filing 107. Sundquist's first argument is that Schuldt failed to present enough evidence on summary judgment to shift the burden of production to Sundquist because, according to Sundquist, the "only evidence that Schuldt provided in support of her claim that she didn't have the authority to modify the terms of the Plaintiff's probation was a self-serving affidavit in which she made the claim that she lacked such authority." Filing 107 at 1. According to Sundquist, it is impossible to grant summary judgment based on a self-serving affidavit because that requires a credibility determination. Filing 107 at 1-2.

      But that argument is unpersuasive. Schuldt's affidavit

> may have been "self-serving," but [it was] also unrebutted. Parties to civil litigation usually have relevant evidence to offer, and where that evidence is uncontradicted, it can (and should) form the basis for a judgment. Simply dismissing such evidence

as "self-serving" is precisely the sort of metaphysical doubt that will not suffice to oppose summary judgment.

*Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 792 (8th Cir. 2012) (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)) (quotation omitted).

Next, Sundquist complains that he was not provided with documents that he requested through discovery. *See*, filing 102 at 2, 5; filing 107 at 2. Based on Sundquist's description, the Court questions whether such evidence exists to be disclosed. In any event, Sundquist is repeating an argument the Court disposed of on summary judgment. Filing 104 at 11. And it is improper, in a Rule 59(e) motion, to repeat arguments the Court has already rejected. *See Preston v. City of Pleasant Hill*, 642 F.3d 646, 652 (8th Cir. 2011).

Next, Sundquist contends that even if Schuldt lacked the authority to modify the terms of his probation, she did not prove that she "lacked the authority to initiate the steps necessary to do so." Filing 107 at 2. Sundquist also contends that Schuldt was "directly involved" with his case, subjecting her to liability. Filing 107 at 3. But none of that changes the Court's conclusion that Schuldt lacked the authority to alter the conditions of Sundquist's probation under the circumstances presented to her. Filing 104 at 12. And Sundquist presents no authority, nor is the Court aware of authority, supporting money damages against a State official who neither subjected a plaintiff to a constitutional violation nor had the authority to prevent others from doing so. *See* filing 104 at 10.

Finally, Sundquist restates his argument that if Schuldt could have modified the terms of his probation in response to an updated treatment recommendation, she could necessarily have done so without one. Filing 107 at 3. The Court rejected this argument on summary judgment, filing 104 at 11-12, and need not consider it again. *See Preston*, 642 F.3d at 652.

IT IS ORDERED that Sundquist's Motion to Amend (filing 106) is denied.

Dated this 22nd day of August, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge